# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>vs.<br>EDGAR LIMON,<br><br>          Defendant. | Case No. 2:17-cr-00392-JCM-NJK<br><br>ORDER<br><br>(Docket No. 23) |

Presently before the Court is Defendant's sealed *ex parte* motion for issuance of a Rule 17 subpoena. Docket No. 23.[1]

## I. BACKGROUND

Defendant asks the Court to issue a subpoena to the Clark County District Attorney's Office, directing it to produce either the original Request for Prosecution form for Edgar Limon in case number 17F20485X or, if it has been destroyed, a certificate of non-existence. *Id*. at 4. Additionally, Defendant asks the Court to issue a subpoena to the Las Vegas Justice Court for any and all filings, records, and reports relating to case number 17F19562X. *Id*. at 3.

## II. ANALYSIS

The issuance of subpoenas in criminal cases is governed by Federal Rule of Criminal Procedure 17. Rule 17(b) sets forth the procedure for defendants who cannot pay the requisite

---

[1] Although Defendant filed his motion *ex parte* and under seal, the Court does not seal this order or issue it *ex parte*. Defendant submits that he has already received copies of the requested documents from the United States, but found them illegible. Defendant further submits that he asked the United States to inspect the original documents, but the United States did not have them in its possession, necessitating the instant motion. As a result, Defendant has submitted no information that is unknown to the United States or should otherwise remain under seal.

1 | witness fees and permits a defendant to submit an *ex parte* application requesting that a court issue
2 | a subpoena. A court will permit issuance of a subpoena to a named witness "if the defendant shows
3 | an inability to pay the witness's fees and the necessity of the witness's presence for an adequate
4 | defense." Fed. R. Crim. P. 17(b). "Although prior judicial authorization is required, the *ex parte*
5 | nature of a Rule 17(b) application serves to put a defendant on an equal footing with the Government
6 | because the Government is not required to give a defendant notice as to those witnesses that it
7 | intends to subpoena to testify at trial." *United States v. Sellers*, 275 F.R.D. 620, 622 (D. Nev. 2011)
8 | (citation and internal quotation marks omitted).

Federal Rule of Criminal Procedure 17(c) describes the process by which a court can issue a subpoena *duces tecum* for the production of evidence before trial. Rule 17(c)(1) governs the production of documents and objects. It provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The Court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Unlike a subpoena issued under Rule 17(a) or 17(b) to compel a witness to appear at trial, subpoenas *duces tecum* may, within a court's discretion, be made returnable before trial. Rule 17 is not, however, a discovery device. *See, e.g.*, *Sellers*, 275 F.R.D. at 622-23 (collecting cases). Nevertheless, Rule 17(c) may be used to obtain evidentiary materials. *See, e.g.*, *id.* at 623 (citing cases). Rule 17(c)(1) permits a party to subpoena a witness and require him to report only at either a trial or hearing at which he is to testify. *See, e.g.*, *id.* (collecting cases).

A party must obtain leave of court for a subpoena *duces tecum*, and various courts have held that a court may, in its discretion, require production of documents prior to trial. *See, e.g.*, *id.* (citations omitted). The Supreme Court has stated that:

> Enforcement of a pretrial subpoena *duces tecum* must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues. Without a determination of arbitrariness or that the trial court finding was without record support, an appellate court will not ordinarily disturb a finding that the applicant for a subpoena complied with Rule 17(c).

2

*United States v. Nixon*, 418 U.S. 683, 702 (1974).

The party seeking production bears the burden of showing good cause for production before trial. *See Sellers*, 275 F.R.D. at 623 (citation omitted). In *United States v. Iozia*, 13 F.R.D. 335, 338 (D.C.N.Y. 1952), the court established a standard that many other courts have since adopted. *See Sellers*, 275 F.R.D. at 623 (collecting cases). The *Iozia* test requires that, to demonstrate good cause for the issuance of a Rule 17 subpoena, a movant must show:

> (1) That the documents are evidentiary and relevant;
>
> (2) That they are not otherwise procurable by the defendant reasonably in advance of trial by exercise of due diligence;
>
> (3) That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; and
>
> (4) That the application is made in good faith and is not a general fishing expedition.

*Sellers*, 275 F.R.D. at 623.

The party seeking pretrial production bears the burden of establishing specificity, relevancy, and admissibility. *Nixon*, 418 U.S. at 700. Thus, the party seeking pretrial production must "show the evidentiary nature of the requested materials with appropriate specificity." *Sellers*, 275 F.R.D. at 623. The specificity requirement is designed to prevent a party from using a subpoena *duces tecum* as a "fishing expedition to see what may turn up." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Conclusory allegations of relevance and admissibility are insufficient. *United States v. Eden*, 659 F.2d 1376 (9th Cir. 1981). Rather, the moving party must show that there is a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment, and that the requested material contains admissible evidence regarding the offenses charged. *Nixon*, 418 U.S. at 700.

Here, Defendant makes no attempt to meet the Ioza standard for the document requested from the Clark County District Attorney's Office. *See* Docket No. 23. Further, regarding the documents sought from Las Vegas Justice Court, Defendant submits a conclusory statement without failing to

3

address all *Ioza* factors.  As one example, Defendant fails to submit that the documents are not otherwise procurable by exercise of due diligence, as it appears Defendant has failed to even attempt to contact Las Vegas Justice Court.  Docket No. 23 at 3.

Accordingly,

**IT IS ORDERED** that Defendant's *ex parte* motion for subpoenas, Docket No. 23, is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: April 10, 2018.

_____
NANCY J. KOPPE
United States Magistrate Judge